IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS E. GRIDDINE,

    Plaintiff,

    v.

GPI KS-SB, INC., D/B/A BARON BMW AND
GROUP 1 AUTOMOTIVE,

    Defendants.

Case No. 17-2138-JAR-GLR

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for Leave to File Amended Answer (ECF 52). Plaintiff has informed the Court that he does not oppose the motion. For the reasons stated below, the motion is granted.

This action involves allegations of race and age discrimination and retaliation of Plaintiff during his employment with Defendants. Defendants filed their motion on June 29, 2018, seeking leave to file an amended answer to assert an additional affirmative defense. Defendants argue Plaintiff falsified his employment history when he applied for employment with them. Because he failed to disclose his prior employment, Defendants contend they were unable to adequately perform background and reference checks on him. Defendants further argue Plaintiff's misrepresentations on his application for employment provide a basis for them to assert the after-acquired evidence defense in that, if they had discovered Plaintiff had misrepresented his employment history on his application, he would have been subject to immediate dismissal.

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.

The court should freely give leave when justice so requires."[1] When a proposed amendment is offered after the deadline to amend pleadings as set forth in the scheduling order has passed, as is the case here,[2] the Court must also consider Fed. R. Civ. P. 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Judges in this district have applied a two-step analysis, based on Fed. R. Civ. P. 16(b) and 15(a), to resolve motions to amend that are filed after the scheduling order deadline.[3] First, the Court determines whether the moving party has established "good cause" within the meaning of Rule 16(b) so as to justify the untimely filing. If so, the Court will determine if the Rule 15(a) standard for amendment has been satisfied. To establish good cause, "the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence."[4] Whether a party has shown good cause addresses the Court's discretion.

The Court finds Defendants have established good cause under Fed. R. Civ. P. 16(b). They say they discovered the misrepresentations on Plaintiff's employment application after receiving his responses to their First Interrogatories. After receiving those responses, they conferred with Plaintiff before the scheduling order deadline had passed. Plaintiff did not respond until after the deadline passed. Though Defendants did not seek leave to assert the requested defense before the deadline expired, while waiting on a response from Plaintiff, there is no indication or suggestion that they acted in bad faith. Plaintiff indeed does not oppose the motion. Accordingly, the Court finds Defendants have shown good cause.

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *See* ECF 15 (deadline for motions to amend or join additional parties was March 30, 2018).

[3] *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010).

[4] *Id.* (quotations omitted).

The Court also finds that the Rule 15(a) standard for amendment has been satisfied. "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[5] As already noted, Plaintiff does not oppose the motion. The Court in its discretion will allow Defendants to amend their answer under Rule 15(a).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Leave to File Amended Answer (ECF 52) is **granted**. Defendants shall file forthwith the amended answer attached to their motion.

**IT IS SO ORDERED.**

Dated July 24, 2018, at Kansas City, Kansas.

*s/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).