# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

THOMAS E. GRIDDINE,

    Plaintiff,

v.

    Case No. 17-2138-JAR

GPI KS-SB, INC., D/B/A BARON BMW AND GROUP 1 AUTOMOTIVE,

    Defendants.

## MEMORANDUM AND ORDER

Defendants seek to reopen discovery to depose Pennie Murray, Ph.D. (ECF 66). Plaintiff opposes the motion. (ECF 69). For good cause shown and for the reasons discussed below, the Court grants the motion.

Discovery in this case closed on July 13, 2018 after a joint motion to extend the deadline from June 29, 2018. (ECF 56 and ECF 58). For several months starting in April 2018, Defendants attempted to receive records from Dr. Murray, who is Plaintiff's counselor. For unknown reasons, Dr. Murray failed to respond to Defendants' multiple attempts, until they served her with a subpoena. They contend she then provided them with incomplete records on July 20, 2018. On that day defense counsel also emailed Plaintiff's attorney a request for additional documents and asked whether Plaintiff objected to Dr. Murray being deposed. (ECF 66-4). A week later Plaintiff's counsel responded objecting to Dr. Murray's being deposed after discovery had closed. (ECF 66-3). Plaintiff has opposed that request primarily because Defendants waited so long to subpoena Dr. Murray and instead continued to send her letters to request the documents. Plaintiff also urges that Defendants have not shown good cause to justify reopening discovery.

Whether to extend or reopen discovery addresses the sound discretion of the trial court.[1] The Court considers the following factors to determine if discovery should be reopened:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[2]

The parties agree that trial is not imminent. It is eight months away. Plaintiff does oppose the request. But Plaintiff does not argue that he will be prejudiced. Instead he says he "could suffer prejudice from statements in the deposition but that concern is also speculative." (ECF 69 at 3). Defendants say there will be no prejudice, because the deposition will relate only to Plaintiff's alleged damages for emotional distress and not to any issue of liability. The Court finds Plaintiff has made no showing that he will suffer any prejudice from the proposed deposition of Dr. Murray outside the discovery timeline. The parties disagree as to the remaining factors.

**I. Whether the moving party was diligent in obtaining discovery within the guidelines**

Defendants argue they were diligent in attempting to obtain the discovery before the deadline. They learned about the counseling services related to the alleged emotional distress from the written discovery responses of Plaintiff, served on Defendants in February 2018. Shortly after receiving those responses, Defendants requested an authorization from Plaintiff to obtain his counseling records. Plaintiff provided the authorization about two months later, on April 20, 2018. Defendants then sent their first letter to Dr. Murray requesting copies of the

---

[1] *Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987).

[2] *Id.*

counseling records. Receiving no response, Defendants sent a second letter on May 11, 2018, and unsuccessfully attempted to contact Dr. Murray by telephone. They sent her a third letter on June 28, 2018. They filed a notice of intent to subpoena the records from her on June 29, 2018. To correct an error, they filed an amended notice of intent on July 12. Dr. Murray finally sent Defendants some, but apparently not all, of the requested records on July 20, 2018, one week after the discovery deadline.

Plaintiff argues Defendants should have subpoenaed the records sooner, before the discovery deadline, instead of sending multiple letters. He says it should have been clear that Dr. Murray was not going to respond to letters.

The Court finds Defendants were diligent in attempting to obtain the records before the close of discovery. The Court notes the Defendants immediately requested an authorization for the records from Plaintiff after receiving his discovery responses, and then immediately sent Dr. Murray their first letter after receiving the authorization. Plaintiff points to no authority that would require Defendants to subpoena the records after receiving no response to their first letter, rather than sending follow-up letters. In their reply memorandum, Defendants say they were attempting to get the records from Dr. Murray "in an efficient and inexpensive fashion," pursuant to Fed. R. Civ. P. 1. (ECF 71 at 2). The Court, therefore, finds this factor weighs in favor of Defendants.

## II. The foreseeability of the need for additional discovery

Defendants say it was not foreseeable that they would need to depose Dr. Murray, until they received the records from her, which was after discovery had closed. Plaintiff argues they knew about Dr. Murray well before the discovery deadline, yet again chose to send letters for the records rather than subpoena them. He also argues Defendants should have known they would

need to depose Dr. Murray, because of "the fully predictable nature of the documents" produced. (ECF 69 at 6). Defendants counter that Plaintiff failed to mention any of the documents, despite being questioned about his sessions with Dr. Murray. They also contend it was not foreseeable that Dr. Murray would produce an incomplete response to their document request, which is the reason for their request to depose her.

The Court finds, based upon the information provided by the parties in their briefing, that it may have been foreseeable to the Defendants, but not necessarily so, that they would need to depose Dr. Murray after the discovery deadline had passed. But as discussed above, Defendants were diligent in trying to obtain the records. It is unclear why, despite having Plaintiff's signed authorization, Dr. Murray failed to release the records without a subpoena, three months after Defendants first requested them. Plaintiff does not explain how Defendants should have known they would need to depose Dr. Murray without first having seen the documents, other than to claim the nature of the documents was "fully predictable." The factor of foreseeability favors the Defendants.

**III. The likelihood that the discovery will lead to relevant evidence**

Finally, Defendants assert a need to depose Dr. Murray, because her testimony would "bear directly on Plaintiff's claim for emotional distress" and could "reflect on the truth and veracity of Plaintiff's potential trial testimony." (ECF 66 at 6). Plaintiff concedes that "the likelihood of obtaining relevant evidence in a deposition of Dr. Murray is fairly high," but that this "risks opening the door" to Defendants seeking further depositions of other witnesses who might have knowledge of Plaintiff's mental state. (ECF 69 at 6). Further, Defendants had adequate opportunity to question Plaintiff about his mental state during his deposition. Defendants say they have "no intention of requesting to conduct further discovery," and any

4

additional witnesses identified in Dr. Murray's testimony who were not previously identified in Plaintiff's Rule 26 disclosures or discovery responses would be precluded from testifying at trial. (ECF 71 at 3).

The Court finds Dr. Murray's deposition would likely lead to relevant evidence. Any concern Plaintiff has about additional discovery is speculative. Should Defendants seek additional discovery, they would file another motion, which Plaintiff can again oppose. After considering all of the *Smith* factors and arguments from the parties, the Court finds discovery should be reopened for the limited purpose of allowing Defendants to depose Dr. Murray regarding her treatment of Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Leave to Depose Pennie Murray, Ph.D. and Memorandum in Support (ECF 66) is granted. Dr. Murray's deposition shall take place within 30 days from the date of this order, or on a date upon which both parties agree.

**IT IS SO ORDERED.**

Dated September 10, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge